DOUGLAS C. BROWN
Attorney at Law
225 Broadway, Ste. 2200
San Diego, CA 92101
(619) 231-6158

STATE BAR NO. 85995

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08 CR 2797-4-JLS |
| | ) | NOTICE OF MOTION AND MOTION |
| Plaintiff, | ) | FOR DISCOVERY; TO PRESERVE |
| | ) | MARIJUANA |
| v. | ) | |
| | ) | |
| JOSE ALBERTO VARGAS-GUILLEN | ) | |
| | ) | Date: 19/26/08 |
| | ) | Time: 1:30 P.M. |
| Defendant. | ) | Judge: Sammartino |
| | ) | |

Please take notice that at the above time and date the defendant will move for discovery and to preserve evidence.

Dated: August 22, 2008


                    s/ Douglas C. Brown

                DOUGLAS C. BROWN, ATTORNEY

```
 1  DOUGLAS C. BROWN
    Attorney at Law
 2  225 Broadway, Ste. 2200
    San Diego, CA 92101
 3  (619) 231-6158

 4  STATE BAR NO. 85995

 5  Attorney for Defendant

 6

 7

 8
                    UNITED STATES DISTRICT COURT
 9
                  SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,    )  Crim. No. 08 CR 2797-4-JLS
11                               )
                     Plaintiff,  )  MEMORANDUM OF POINTS AND
12                               )  AUTHORITIES IN SUPPORT OF
    v.                           )  DISCOVERY
13                               )
    JOSE LUIS ALBERTO-GUILLEN    )
14                               )  Date: 9/26/08
                                 )  Time: 1:30 A.M.
15                   Defendant.  )  Judge: Sammartino
    ─────────────────────────────)
16

17  TO THE U.S. ATTORNEY:

18
                      STATEMENT OF THE CASE
19
        The defendant has been charged with marijuana smuggling in
20
    violation of 21 U.S.C. 841(a)(1).  The defendant is in custody.
21
                        STATEMENT OF FACTS
22
        For purposes of this motion, the applicable facts are set forth
23
    in the indictment and are incorporated by reference.
24
                       EXCULPATORY EVIDENCE
25
        It is well established that the government must disclose to the
26
    defendants all exculpatory evidence within its possession.  Brady
27
    v. Maryland, 373 U.S. 834 (1963). (Including evidence relating to
28
```

1    departures under the Sentencing Guidelines.)

2        In <u>Brady</u> v. <u>Maryland</u>, <u>supra</u>, the United States Supreme Court

3    announced the rule that:

4            Suppression by the prosecution of evidence
             favorable to an accused upon request violates
5            due process where the evidence is material to
             guilt or to punishment irrespective of the good
6            faith or bad faith of the prosecution.

7            <u>Brady</u> v. <u>Maryland</u>, <u>supra</u>, at page 87.

8        Subsequent cases have held that "the prosecution is not to

9    decide . . . the defense which is useful." <u>United States</u> v. <u>Hibler</u>,

10   463 F.2d 455 (9th Cir. 1972).

11                    <u>STATEMENT OF DEFENDANT</u>

12       Rule 16(a)(1)(A) provides in pertinent part:

13           Upon request of a defendant the Government
             shall permit the defendant to inspect and copy
14           or photograph: any relevant written or recorded
             statements made by the defendant, or copies
15           thereof, within the possession, custody or
             control of the Government, existence of which
16           is known, or by the exercise of due diligence
             may become known, to the attorney for the
17           Government; the substance of any oral statement
             which the Government intends to offer in
18           evidence at the trial made by the defendant
             whether before or after arrest in response to
19           interrogation of any person then known to the
             defendant to be a Government agent; and
20           recorded testimony of the defendant before a
             Grand Jury which relates to the offense
21           charged. . . .

22       Thus, by the terms of the rule itself, a defendant has the

23   right to inspect and copy written or recorded statements made by

24   him to government agents or within the custody or control of the

25   government.  The rule has also been extended to permit discovery of

26   the written summary of defendant's oral statements contained in the

27   hand-written notes of a government agent. <u>United States</u> v. <u>Johnson</u>,

28                                2

535 F.2d 999 (2nd Cir. 1975);  United States v. Lewis, 511 F.2d

792 (D.C. Cir. 1967)Loux v.United States, 389 F.2d 911 (9th Cir.

1968.

A statement also includes tape recordings:

> The statutory safeguards more clearly deal with
> tape recordings such as the one before us.
> These safeguards refer not to the probative
> effect of the evidence, but to its general
> nature.  Rule 16(a), Federal Rules of Criminal
> Procedure, provides for Court-ordered discovery
> of 'written or recorded statements or
> confessions made by the defendant.'  The tape
> at issue in these cases was such a 'recorded
> statement'.

> . . . Even more than formal statements,
> surreptitiously recorded 'statements' will be
> difficult for the Defendant to reconstruct from
> memory and will often, as here, be most
> critical to his fate at trial.  We agree with
> a panel of the Second Circuit that the Notes of
> the Advisory Committee indicate that the
> amended Rule was intended to apply even to pre-
> arrest statements made by a defendant during
> the course of his crime and was meant to
> broaden materially the scope of discovery
> available to a defendant.

United States v. Bryant, 439 F.2d 692 (D.C. Cir. 1971.

## PRIOR RECORD OF THE DEFENDANT

Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure

provides that "upon request of the defendant, the government shall

furnish to the defendant such copy of his prior criminal record if

any, as is within the possession, custody or control of

the government ..."  The defendant hereby requests a copy of his

prior record.

## DOCUMENTARY EVIDENCE

Federal Rules of Criminal Procedure 16(a)(1) provides in

3

pertinent part:

    Upon request of the defendant the Government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies of portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence in chief at the trial or were obtained from or belong to the defendant.


    All books, records, documents or tangible objects material to the indictment and within the possession or control of the Government are discoverable pursuant to subdivision©. <u>United States</u> v. <u>Tanner</u>, 279 F. Supp. 457 (N.D. Ill. 1967); <u>United States</u> v. <u>Wilson</u>, 20 F.R.D. 569 (S.D.N.Y. 1957).

<u>PHYSICAL AND MENTAL EXAMINATIONS, LABORATORY AND
SCIENTIFIC TESTS AND EXPERIMENTS</u>

    Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure requires the government to permit a defendant to inspect and copy any results of reports of physical or mental examinations and scientific tests or experiments which are in the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government.

    Physical and mental examinations of government witnesses which may be relevant to the competence or credibility of such witness should be discoverable under this section as well as <u>Brady</u> v. <u>Maryland</u>, <u>supra</u>, 373 U.S. (1966).

<u>WITNESS/INFORMANT STATEMENTS</u>

    Although Rule 16(a)(2) of the Federal Rules of Criminal

4

Procedure does not make it mandatory for the court to order the government to disclose the statements made by government witnesses and/or informants, except as provided in 18 U.S.C. section 3500, it is requested that the government provide the defense with copies of all investigative reports prepared by law enforcement agents concerning the subject matter of any agent's testimony and witness/informant testimony or statements. See United States v. Del Torro-Soto, 676 F.2d 13, 15-17 (1st Cir. 1982). This request includes but is not limited to: (1) oral reports, tape recordings and/or any other electronic monitoring, or any surveillance, telephone calls, or personal contacts between government agents or confidential informants and defendant and co-defendants, confidential informants or agents; (2) all reports or statements or interviews of any of the above individuals, or other witnesses to be called by the government at trial.

It is requested that all Jencks Act material, including grand jury testimony of those witnesses who will be testifying at trial, should be promptly disclosed to the defense to avoid delays at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation. See Rule 801(d)(l)(A), Federal Rules of Evidence. This request further includes confidential informant statements prepared by or for the informant during the course of this case. Our request is made pre-trial in order to avoid disruptions and delays during trial for the review of such material.

### REQUEST FOR DISCOVERY OF RAW NOTES

Under United States v. Harris, 452 F.2d 1094 (9th Cir. 1976),

5

1  defendant moves the court to order the government to produce or
2  preserve any raw notes by investigative officers of all witness
3  interviews.   Should the government be unable to comply because of
4  the destruction of such notes, this could be grounds for sanctions,
5  such as dismissal of the indictment or striking of the testimony of
6  any witness to whom such notes relate.   See, United States v.
7  Harris, supra;, United States v. Well, 575 F.2d 1383 (9th Cir.
8  1978); United States v. Johnson, 521 F.2d 1313 (9th Cir. 1975).

9        DISCLOSURE BY THE GOVERNMENT OF THE EVIDENCE
         IT INTENDS TO USE AGAINST THE DEFENDANT
10

11       Pursuant to Rule 12(d)(2), defendant requests this Court order
12  the government to disclose the evidence it intends to use against
13  the defendant at trial.   This request includes but is not
14  limited to: (1) any prior similar acts of the defendant or co-
15  defendants, including any discussions or negotiations by defendants
16  concerning alien smuggling, and their relevance under Rule 404(b),
17  Federal Rules of Evidence;  (2) all statements claimed to have been
18  made by any co-conspirator during the course of or in furtherance
19  of the alleged conspiracy pursuant to Rule 801(d)(2)(E), Federal
20  Rules of Evidence (FRE), including (a) the date of the alleged
21  conversation, (b) the location of each of the persons present at the
22  time of the conversation, © the substance of each conversation, (d)
23  whether the statements were memorialized in any manner, including
24  rough notes, reports, or tape recordings, and copies of all such
25  rough notes, reports, or tape recordings, and copies of all such
26  memorializations; (3) all statements made by defendant
27                                 6
28

1  classified as admissions under Federal Rules of Evidence

2  801(d)(2)(A), (B), or ©, including (a) the date of the alleged

3  statements, (b) the location of each of the persons present at the

4  time of the conversation, (c)the substance of each conversation, (d)

5  whether the statements were memorialized in any manner, including

6  rough notes, reports, or tape recordings, and copies of all such

7  rough notes, reports, or tape recordings, and copies of all such

8  memorialization, (4) all monitored conversations made by the

9  government between its agents and/or informants and the defendants

10 in this case; (5) any prior convictions

11                          HENTHORN REQUEST

12      The defense requests the government review personnel files for

13 impeachment material. United States v. Henthorn, 932 F.2d 29

14 9th Cir. 1991).

15              REQUEST FOR PRESERVATION OF EVIDENCE

16     The defense requests that all evidence in the custody,

17 control, or possession of the government or it's agents be

18 preserved, or that the defendant be given timely notice of

19 it's pending destruction.  Specifically, the defendant requests that

20 the marijuana be preserved in order for it to re weighed, without

21 the packaging. The indictment alleges 107.4 kg of marijuana which

22 is close to the minimum mandatory.

23          EVIDENCE RELATING TO ELECTRONIC SURVEILLANCE

24      The defense requests disclosure of any evidence relating

25 to wiretapping, electronic surveillance, or the taping of

26 jail conversations.

27                  PLEA AGREEMENTS AND BENEFITS

28                              7

1    There may in this case be plea agreements, financial compensation

2    payments, decisions not to prosecute or file charges, or other

3    benefits accruing to witnesses that must be disclosed to the

4    defense. Included in this category are agreements with individuals

5    to "charge bargain", which is to say, a government decision to file

6    charges that limit the defendant's Sentencing Guideline exposure.

7

8

9    Dated: August 21, 2008

10

11                                    Respectfully Submitted,

12

13                                    s/Douglas C. Brown
                                      DOUGLAS C. BROWN
14                                    Attorney for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        8

```
 1  DOUGLAS C. BROWN
    Attorney At Law
 2  State Bar No. 85995
    225 BROADWAY, SUITE 2200
 3  SAN DIEGO, CA  92101
    Telephone (619)231-6158
 4
    Attorney for Defendant
 5

 6

 7                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
 8

 9  UNITED STATES OF AMERICA,    )      08 CR 2797-4-JLS
                                 )
10                               )
            Plaintiff,           )
11                               )
    v.                           )
12                               )      PROOF OF SERVICE
                                 )
13  JOSE ALBERTO VARGAS-GUILLEN  )

14                               )
                                 )
15          Defendant.           )
    ─────────────────────────────
16
    STATE OF CALIFORNIA )
17  COUNTY OF SAN DIEGO ) ss.

18  DOUGLAS C. BROWN, being first duly sworn, deposes and states:

19       That he is a citizen of the United States and resident of San

20  Diego, California.

21       That his business address is 225 Broadway, Suite 2200, San

22  Diego, California, that he is over the age of eighteen years and is

23  not a party to the above-entitled matter.

24       That on August 22, 2008 he served by Notice of Electronic

25  Filing, a Notice of Discovery Motion and Memorandum of Points and

26  Authorities on:

27  Office of the U.S. Attorney

28                                9
```

1 | Federal Office Building

2 | 880 Front St.

3 | San Diego, Ca. 92101;

4

5

6

7 | I declare under penalty of perjury that the foregoing is true and

8 | correct. Executed at San Diego, California, on August 22, 2008.

9

10

11 |                     s/ Douglas C. Brown

12 |                     DOUGLAS C. BROWN, ATTORNEY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28